UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROGER ARTHUR,

                                                        Plaintiff,

                          **FIRST AMENDED**
        -against-                    **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER     15 CV 5267 (ILG) (MDG)
ANTHONY DENATALE (tax # 952282), POLICE
OFFICER STEVEN COSENTINO (tax # 948816 ),   Jury Trial Demanded
OFFICER ANTHONY RUBILOTTA (shield # 1076),
DETECTIVE MICHAEL BURKE (tax # 929800),
DETECTIVE EDWARD PATTERSON (shield # 6786),

                                                Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff alleges that the City of New York and five New York City Police Officers of the 121st Precinct in Staten Island violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him.  Plaintiff also asserts claims of false arrest, assault, battery, malicious prosecution and vicarious liability under New York state law.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.  In connection with plaintiff's claims of false arrest, assault, battery, malicious prosecution and vicarious liability brought pursuant to New York state law, a notice of claim and an amended notice of claim were duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filings, and the City has not offered to settle plaintiff's state law claims.

7.  This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8.  Plaintiff is a resident of the State of New York, County of Richmond.

9.  The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the NYPD. The individual defendants acted under color of state law and within the scope of their employment as members

2

of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

11. On May 7, 2015, at approximately 10:00 p.m., plaintiff was the victim of a gunpoint robbery and shooting that took place on Sharpe Avenue in Staten Island, New York.

12. Plaintiff was taken by ambulance to Richmond University Medical Center located at 355 Bard Avenue to receive treatment for his injuries.

13. At the hospital, Police Officer Steven Cosentino, Police Officer Anthony Rubilotta, Detective Michael Burke and Detective Edward Patterson (collectively, the "defendants") of the 121st Precinct interviewed plaintiff about the robbery.

14. At the hospital, the defendants also interviewed Roderick Seymour Gray, who plaintiff did not know, who was the victim of a gunpoint robbery at a different time and location by apparently the same individuals who had robbed and assaulted plaintiff.

15. The defendants became frustrated by plaintiff's and Gray's inability to identify their assailants and believed that they were being intentionally uncooperative.

16. A verbal disputed followed.

17. During the verbal dispute, Officer Cosentino lunged at Gray and accidentally slipped and fell.

18. The enraged defendants subsequently arrested plaintiff and Gray and took them to the 121st Precinct.

19. During the course of arresting plaintiff, either Detective Burke or Patterson, maliciously and without legal justification, twisted plaintiff's left arm, pushed plaintiff

3

and forced plaintiff to stand on his injured leg, causing plaintiff pain and physical injury. At all times at the hospital, plaintiff was compliant and did not resist arrest.

20. At the 121st Precinct, the defendants, acting in concert with Police Officer Anthony Denatale, fabricated a story that plaintiff and Gray, acting together, pushed Officer Cosentino to the ground. Based on this fabrication, the defendants falsely charged plaintiff with assaulting Cosentino, resisting arrest and obstructing governmental administration.

21. Plaintiff was eventually returned to Richmond University Medical Center to receive additional medical treatment and, after receiving treatment, plaintiff was taken to Staten Island Central Booking.

22. While plaintiff was incarcerated in Central Booking, Officer Denatale, with the approval of the other defendants, misrepresented to the Richmond County District Attorney's Office that plaintiff had assaulted Officer Cosentino, resisted arrest and obstructed governmental administration.

23. In furtherance of having plaintiff prosecuted, Officer Denatale, with the approval of the other defendants, signed a criminal court complaint falsely alleging that plaintiff was involved in pushing Officer Cosentino to the ground and falsely charging plaintiff with assault and harassment.

24. On May 8, 2015, at approximately 5:00 p.m., plaintiff was arraigned in Criminal Court, Richmond County.

25. The presiding judge released plaintiff on his own recognizance and adjourned plaintiff's case until June 8, 2015.

26. On May 12, 2015, plaintiff hired a criminal defense attorney at a cost of $2,600.

27. On May 15, 2015, the Richmond County District Attorney's Office advanced plaintiff's criminal case and dismissed all charges.

28. Defendants' illegal conduct caused plaintiff to suffer a loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment and physical injuries including, but not limited to, pain, soreness and swelling. Plaintiff also spent $2,600 to retain a criminal defense attorney

### FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

29. Plaintiff repeats the foregoing allegations.

30. Defendants, acting under color of state law, arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

31. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

32. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

33. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against Detective Burke and/or Patterson)

34. Plaintiff repeats the foregoing allegations.

35. Detective Burke and/or Patterson, acting under color of state law, used force upon plaintiff which was objectively unreasonable in violation of § 1983 and the Fourth Amendment.

36. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

37. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

38. Plaintiff repeats the foregoing allegations.

39. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

40. Defendants' conduct violated § 1983 and the Fourth Amendment.

41. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

42. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

43. Plaintiff repeats the foregoing allegations.

44. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law in violation of § 1983 and the Sixth Amendment.

45. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

46. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

47. Plaintiff repeats the foregoing allegations.

48. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

49. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

50. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

51. Plaintiff repeats the foregoing allegations.

52. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

53. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

54. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

55. Despite having the aforesaid knowledge, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants and other officers and failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

56. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

57. The City's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

58. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (FALSE ARREST/FALSE IMPRISONMENT UNDER N.Y. STATE LAW)

(Against All Defendants)

59. Plaintiff repeats the foregoing allegations.

60. Defendants, acting within the scope of their employment as members of the NYPD, arrested and imprisoned plaintiff without legal justification or probable cause.

61. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

62. Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiff, the City of New York is vicariously liable to plaintiff.

63. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

64. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## **EIGHTH CLAIM**

### **(ASSAULT UNDER N.Y. STATE LAW)**

(Against Detective Burke and/or Patterson)

65. Plaintiff repeats the foregoing allegations.

66. Detective Burke or Patterson, acting within the scope of his employment as a member of the NYPD, placed plaintiff in fear of imminent harmful and offensive physical contacts which injured plaintiff.

67. Because Detective Burke or Patterson was acting within the scope of his employment when he assaulted plaintiff, the City of New York is vicariously liable to plaintiff.

68. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

69. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial

## NINTH CLAIM

### (BATTERY UNDER N.Y. STATE LAW)

(Against Detective Burke or Patterson)

70. Plaintiff repeats the foregoing allegations.

71. Detective Burke or Patterson, acting within the scope of his employment as a member of the NYPD, made offensive and nonconsensual physical contact with plaintiff which injured plaintiff.

72. Because Detective Burke or Patterson was acting within the scope of his employment when he battered plaintiff, the City of New York is vicariously liable to plaintiff.

73. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

74. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial

## TENTH CLAIM

### (MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)

(Against All Defendants)

75. Plaintiff repeats the foregoing allegations.

76. Defendants, acting within the scope of their employment as members of the NYPD, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

77. Because the individual defendants were acting within the scope of their employment when they maliciously prosecuted plaintiff, the City of New York is vicariously liable to plaintiff.

78. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

79. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: January 23, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391